David D. Barnhorn, Esq.
ROMERO LAW GROUP PLLC
490 Wheeler Road, Suite 277
Hauppauge, New York 11788
Tel.: (631) 257-5588
Email: dbarnhorn@romerolawny.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------------------------X

GINNETH COLLAZOS and MATIAS HERNANDEZ,
on behalf of themselves, individually, and all other
persons similarly situated,

**COMPLAINT**

               Plaintiffs,

     -against-                        *Collective and Class Action*

KERRIGAN GROUP ASSOCIATES, LLC
d/b/a LAS PALMAS RESTAURANT, ARIEL        *Jury Trial Demanded*
CARTAGENA and OLGA CARTAGENA,

               Defendants.

------------------------------------------------------------------------X

       Plaintiffs, Ginneth Collazos and Matias Hernandez (collectively as "Plaintiffs"), on behalf of themselves, individually, and on behalf of all others similarly-situated, by and through their attorneys, the Romero Law Group PLLC, as and for their Complaint against Kerrigan Group Associates, LLC d/b/a Las Palmas Restaurant, Ariel Cartagena and Olga Cartagena (collectively as "Defendants" or "Las Palmas Restaurant"), allege upon knowledge as to themselves and their own actions and upon information and belief as to all other matters as follows:

**NATURE OF CASE**

       1.     This is a civil action for damages and equitable relief based upon willful violations that the Defendants committed of Plaintiffs' rights guaranteed to them by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; (ii) the minimum

1

wage provisions of the FLSA; (iii) the overtime provisions of the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56a *et seq.*; (iv) the minimum wage provisions of the NJWHL; (v) the full payment provision of the New Jersey Wage Payment Law ("NJWPL"), N.J.S.A. 34:11-4.2; and (vi) any other claim(s) that can be inferred from the facts set forth herein.

2.      Plaintiffs bring this lawsuit against the Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of themselves, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of the Defendants' willful violations of the FLSA.  Plaintiffs bring their claims under the NJWHL and NJWPL on behalf of themselves, individually, and on behalf of any FLSA Collective Action Plaintiff, as that term is defined below, who opts-into this action.

3.      Plaintiffs also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of themselves, individually, and on behalf of all other persons similarly-situated during the applicable limitations periods who suffered damages as a result of the Defendants' violations of the NJWHL and NJWPL and any supporting regulations.

4.      Plaintiff Collazos brings this action to recover damages for discrimination based on Plaintiff Collazos' pregnancy, sex, pregnancy-related medical condition, and familial status, and retaliation for engaging in protecting activity, in violation of the New Jersey Law Against Discrimination ("NJ LAD"), N.J.S.A. 10:5-12 *et seq.*, against Defendant Kerrigan Group Associates, LLC d/b/a Las Palmas Restaurant, and against Defendants Ariel Cartagena and Olga Cartagena for aiding and abetting Defendant Kerrigan Group Associates, LLC's violations of the NJ LAD, and any other claim(s) that can be inferred from the facts set forth herein.

## JURISDICTION AND VENUE

5.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201 *et seq.* The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New Jersey state law.

6.      Venue is appropriate in this court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the actions or omissions giving rise to the claims for relief occurred within this judicial district, and pursuant to 28 U.S.C. § 1391(b)(1) as the Defendants are residents of New Jersey and the District of New Jersey.

## PARTIES

7.      Plaintiff Collazos is and was a resident of New Jersey.

8.      At all relevant times, Plaintiff Collazos was an "employee" and a "person" entitled to protection as defined by the FLSA, NJWHL, NJWPL, and NJ LAD.

9.      Plaintiff Hernandez is and was a resident of New Jersey.

10.     At all relevant times, Plaintiff Hernandez was an "employee" entitled to protection as defined by the FLSA, NJWHL, and NJWPL.

11.     At all relevant times, Defendant Kerrigan Group Associates, LLC d/b/a Las Palmas Restaurant was and is a domestic limited liability corporation with its principal place of business located at 6153 Bergenline Avenue, West New York, New Jersey 07093.

12.     At all relevant times, Defendant Kerrigan Group Associates, LLC d/b/a Las Palmas Restaurant was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling or otherwise working on goods or materials that have been moved in or produced for commerce, including but not limited to food and ingredients, kitchenware, utensils, cleaning supplies, office supplies, point

of sale systems, receipt papers, pens, paper and other materials, all or many of which undoubtably traveled in interstate commerce, and accepted payments and other moneys that originated from outside of New Jersey.

13.    At all relevant times, Defendant Kerrigan Group Associates, LLC d/b/a Las Palmas Restaurant was an "employer" within the meaning of the FLSA, NJWHL, NJWPL, NJ LAD.

14.    At all times relevant, upon information and belief, Defendants employed approximately fifty employees.

15.    Upon information and belief, Defendant Ariel Cartagena is and was a resident of New Jersey.

16.    At all relevant times, Defendant Ariel Cartagena is and was a member, owner and/or officer of the corporate defendant and was active in the day to day management of the corporate defendant, including the payment of wages to the Plaintiffs and all other employees and determining what wages were paid to Plaintiffs and all other employees, scheduling and hours worked, directly communicating scheduled hours with Plaintiffs and other employees, had the power to hire, fire and discipline employees and approve all personnel decisions, including the decision to terminate Plaintiff Collazos' employment, was responsible for maintaining personnel records relating to the employment of Plaintiffs and all other employees, and is liable to Plaintiffs as an "employer" within the meaning of the FLSA, NJWHL, and NJWPL.

17.    At all times relevant, Defendant Ariel Cartagena was and is a person within the meaning of the NJ LAD.

18.    Upon information and belief, Defendant Olga Cartagena is and was a resident of New Jersey.

19.     At all relevant times, Defendant Olga Cartagena is and was a member, owner and/or officer of the corporate defendant and was active in the day to day management of the corporate defendant, including the payment of wages to the Plaintiffs and all other employees and determining what wages were paid to Plaintiffs and all other employees, scheduling and hours worked, directly communicating scheduled hours with Plaintiffs and other employees, had the power to hire, fire and discipline employees and approve all personnel decisions, including the decision to terminate Plaintiff Collazos' employment, was responsible for maintaining personnel records relating to the employment of Plaintiffs and all other employees, and is liable to Plaintiffs as an "employer" within the meaning of the FLSA, NJWHL, and NJWPL.

20.     At all times relevant, Defendant Olga Cartagena was and is a person within the meaning of the NJ LAD.

## STATEMENT OF FACTS

### Wage Violations

21.     Defendants are a company and its owners that serves Cuban and Latin American cuisine at its restaurant, located at 6153 Bergenline Avenue, West New York, New Jersey 07093.

22.     Defendants employed Plaintiff Collazos as a non-exempt server from in or about May 2023 until on or about January 16, 2024.

23.     In this position, Plaintiff Collazos was responsible for serving food to customers, taking orders from customers, answering calls from customers, performing work at Defendants' bar, and cleaning and rolling silverware.

24.     Throughout her employment, Plaintiff Collazos regularly worked five or six days per workweek.  Throughout her employment, Plaintiff Collazos regularly worked on four days during the period of Sunday through Friday from 5:00 p.m. until between 11:30 a.m. and 12:30

a.m., or sometimes later, and on Saturday from between 5 p.m. until between 1:30 a.m. or 2:00 a.m., or sometimes later

25.     Throughout her employment, during multiple workweeks per month, Plaintiff Collazos was required to work one additional workday sometime during the period of Sunday through Friday from 5:00 p.m. until between 11:30 a.m. and 12:30 a.m., or sometimes later.

26.     Additionally, throughout her employment, Plaintiff Collazos was commonly required to work additional hours beyond her typical work hours during her workweeks.

27.     Throughout her employment, Defendants often failed to provide Plaintiff Collazos with an uninterrupted meal break.

28.     Accordingly, throughout her employment, Defendants required Plaintiff Collazos to work, and Plaintiff Collazos did work, more than forty hours during many of her workweeks.

29.     Defendants employed Plaintiff Hernandez as a non-exempt server from in or about October 2022 through the present.

30.     In this position, Plaintiff Hernandez was responsible for serving food to customers, taking orders from customers, and cleaning and rolling silverware.

31.     From the beginning of his employment until on or about January 16, 2024, Plaintiff Hernandez regularly worked six days per workweek.  During this period, Plaintiff Hernandez regularly worked on five days during the period of Sunday through Friday from 5:00 p.m. until 12:00 a.m., or sometimes later, and on Saturday from 5 p.m. until 1:00 a.m., or sometimes later, without being afforded an uninterrupted meal break.  Accordingly, during this period, Defendants required Plaintiff Hernandez to work, and Plaintiff Hernandez did regularly work, 43 hours, or sometimes even more hours, during each workweek.

32.    From on or about January 17, 2024 until the end of his employment, Plaintiff Hernandez regularly worked five days per workweek.  Throughout his employment, Plaintiff Hernandez regularly worked on four days during the period of Sunday through Friday from 5:00 p.m. until 12:00 a.m., or sometimes later, and on Saturday from 5 p.m. until 1:00 a.m., or sometimes later, without being afforded an uninterrupted meal break.  Accordingly, during this period, Defendants required Plaintiff Hernandez to work, and Plaintiff Hernandez did regularly work, 36 hours during each workweek, or sometimes even more hours.

33.    Throughout their employment, Defendants took a tip credit deduction for each hour that Plaintiffs worked and consequently paid them at a reduced hourly rate of pay below the minimum wage under the FLSA and NJWHL as a tipped employee.

34.    Throughout his employment, Defendants failed to provide Plaintiffs with compliant notice under the FLSA or the NJWHL – providing neither a written or even an oral notice – that Defendants were claiming a tip credit toward the statutory minimum wage for their hours paid at a tipped rate.

35.    During their employment, Defendants paid Plaintiffs pursuant to a tip pool arrangement wherein tips and gratuities received from patrons were distributed equally to Plaintiffs and certain other employees, including, *inter alia*, servers, bussers, runners, and bar employees.

36.    Moreover, throughout their employment, Defendants regularly required Plaintiffs to perform duties normally performed by other non-tipped employees, including, *inter alia*, cleaning the restaurant and rolling silverware.  Throughout their employment, Plaintiffs frequently performed a substantial amount of non-tipped work during their shifts, commonly in excess twenty percent of their time worked during their shifts or consistently for periods longer than 30 minutes at a time, and therefore in excess of the amount permitted for a tipped-rate employee by applicable

law and regulations. Notwithstanding this, Defendants frequently paid Plaintiffs at their tipped rate of pay for time spent performing non-tipped work.

37.     Throughout their employment, Defendants inaccurately recorded the amount of tips and gratuities received by Plaintiffs and other tipped employees.

38.     Despite these unlawful practices, throughout their employment, Defendants paid Plaintiffs at a reduced tipped rate that was below the statutorily mandated minimum wage rate, in violation of the FLSA, NJWHL and NJWPL.

39.     Throughout their employment, Defendants claimed to pay Plaintiffs based on an hourly rate of pay of $5.00 per hour.

40.     However, throughout their employment, Defendants paid Plaintiffs weekly compensation of $210.00 when Plaintiffs worked five days during their workweek and $310.00 when Plaintiffs worked six days during their workweek, without regard to the number of hours actually worked by Plaintiffs.

41.     Throughout their employment, Defendants failed to pay any additional compensation beyond these wages, even if Plaintiffs worked additional hours or shifts during their workweeks.

42.     When Plaintiffs' weekly pay is converted to their true hourly regular rate of pay by dividing their hours worked by their total weekly earnings, Plaintiffs' regular rate of pay often results in an hourly rate of pay below the mandated minimum wage in violation of the FLSA, NJWHL and NJWPL.

43.     When Plaintiffs' weekly pay is converted to their true hourly regular rate of pay by dividing their hours worked by their total weekly earnings, Plaintiffs' regular rate of pay often

results an hourly rate of pay that is even below the hourly tipped minimum wage rate of pay when applying the maximum permissible tip credit under the NJWHL.

44.    Thus, as a result of Defendants' unlawful tip pool practices and other unlawful wage practices, Defendants often failed to pay Plaintiffs at least the applicable statutorily mandated minimum wage rate, in violation of the FLSA, NJWHL and NJWPL.

45.    Despite being required to regularly work in excess of forty hours during their workweeks, Defendants failed to pay Plaintiffs at their required overtime rate of pay of at least one and one-half times the applicable minimum wage rate or their proper regular hourly rates of pay, whichever is greater, for their hours worked in excess of forty per workweek, in violation of the FLSA NJWHL and NJWPL.

46.    Throughout their employment, Defendants failed to maintain accurate records of Plaintiffs' hours worked as Defendants failed to record the end time of Plaintiffs' and other employees' shifts, and therefore Defendants failed to record Plaintiffs' and other employees' hours worked.

47.    Throughout their employment, Defendants failed to provide Plaintiffs with any form of wage statement with their wages paid.

48.    Throughout their employment, Defendants paid Plaintiffs their wages in cash.

49.    Throughout their employment, Defendants paid Plaintiffs their wages on a biweekly basis.

50.    Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and New Jersey law by failing to record or maintain accurate records of Plaintiffs' hours worked on a daily or weekly basis, failing to accurately track and pay Plaintiffs in accordance with their hours worked, failing to pay Plaintiffs at their correct overtime rate of

pay, failing to pay Plaintiffs at least the minimum wage or even the tipped minimum wage for many hours worked, failing to provide Plaintiffs with a compliant tip credit notice prior to paying Plaintiffs at a reduced tipped hourly rate of pay for their hours worked, and intentionally failing to accurately record tips and gratuities received by Plaintiffs and other tipped employees.

51.    Defendants failed to post notices explaining wage and hour requirements in conspicuous places as required by the FLSA, 29 C.F.R. § 516.4 and the NJWPL, N.J.S.A. § 34:11-4.6.

52.    Throughout the statutory period, Defendants' violations of federal and New Jersey law caused Plaintiffs, the FLSA Collective Action Plaintiffs and Class Members to suffer the same or similar harms.

53.    Throughout the statutory period, Defendants treated and paid Plaintiffs, the FLSA Collective Action Plaintiffs and Class Members in the same or similar manner pursuant to Defendants' corporate-wide payroll and employment practices.

**Discrimination and Retaliation Claims by Plaintiff Collazos**

54.    Throughout her employment, Plaintiff Collazos performed her duties in a satisfactory manner and was qualified for her job.

55.    Throughout her employment and prior to her termination, Plaintiff Collazos did not receive any counseling, write-ups or any form of discipline.

56.    In or about late November 2024, Plaintiff Collazos informed Defendants that she was pregnant.

57.    On or about December 25, 2024, Plaintiff Collazos suffered a miscarriage.

58.     On or about December 25, 2024, Plaintiff Collazos informed Defendants that she suffered a miscarriage, that she would need to take a brief period of medical leave as an accommodation to recover from her miscarriage, and commenced her period of medical leave.

59.     Plaintiff Collazos' request for a period of medical leave and her taking a period of medical leave constitutes protected activity under the NJ LAD.

60.     On or about December 26, 2024, Defendants, through one of their managers, callously accused Plaintiff Collazos of lying about suffering a miscarriage and demanded that Collazos provide a medical note proving that she suffered a miscarriage.

61.     On or about December 30, 2024, Plaintiff Collazos provided Defendants with a medical note proving that she suffered a miscarriage.

62.     On or about December 30, 2024, Plaintiff Collazos returned to work following her brief period of medical leave.

63.     On or about January 16, 2024, Defendant Kerrigan Group Associates, LLC, through Defendants Ariel Cartagena and Olga Cartagena, summarily terminated Plaintiff Collazos' employment.

64.     Based on the foregoing, Defendant Kerrigan Group Associates, LLC discriminated against Plaintiff Collazos based on her pregnancy, sex, pregnancy-related medical condition, and familial status in violation of the NJ LAD.

65.     Based on the foregoing, Defendant Kerrigan Group Associates, LLC retaliated against Plaintiff Collazos for engaging in protected activity in violation of the NJ LAD.

66.     Based on the foregoing, Defendants Ariel Cartagena and Olga Cartagena actively participated in and assisted in Defendants Kerrigan Group Associates, LLC's discrimination and retaliation against Plaintiff Collazos.

67.     Based on the foregoing, Defendants Ariel Cartagena and Olga Cartagena unlawfully aided and abetted Defendants Kerrigan Group Associates, LLC's discrimination and retaliation against Plaintiff Collazos in violation of the NJ LAD.

68.     Due to Defendants' unlawful conduct, Plaintiff Collazos has suffered the loss of her job and the opportunity to work, the loss of her wages and the loss of benefits that she would be receiving but for Defendants' unlawful conduct.

69.     Due to Defendants' unlawful conduct, Plaintiff Collazos has suffered substantial emotional harm, distress and suffering, mental anguish, embarrassment and humiliation at a time in which she felt especially vulnerable due to her pregnancy and miscarriage.

70.     Defendants' unlawful conduct was also willful and done in conscious disregard of Plaintiff Collazos' rights under the NJ LAD, thereby justifying an award of punitive damages.

## COLLECTIVE ACTION ALLEGATIONS

71.     At all times relevant, Plaintiffs and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decisions, plans and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing to pay them minimum wage compensation for all hours worked and overtime pay for hours worked in excess of forty (40) hours each week.

72.     Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiffs, who have been underpaid in violation of the FLSA.  The named Plaintiffs are representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as their own interests in in bringing this action.

73.     Plaintiffs seek to proceed as a collective action with regard to the First and Second Claims for Relief, pursuant to 29 U.S.C. §216(b) on behalf of themselves, individually, and the following similarly situated employees:

> All non-exempt persons who are currently, or have been employed by the Defendants as a non-exempt tipped employee, server, busser, runner or bar employee and/or in a similarly situated position, at any time during the three (3) years prior to the filing of their respective consent forms (hereinafter referred to as "FLSA Collective Action Plaintiffs").

74.     The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants.  These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. § 216(b).  Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiffs, who have been unlawfully deprived of minimum wage and overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by the Defendants.

## CLASS ACTION ALLEGATIONS

75.     Plaintiffs brings the Third through Fifth Claims for Relief on behalf of themselves, individually, and a class of persons under Fed. R. Civ. P. 23 consisting of all persons who are currently, or have been, employed by the Defendants as a non-exempt tipped employee, server, busser, runner or bar employee and/or in a similarly situated position at any time during the six (6) years prior to the filing of this Complaint through the date of judgment (hereinafter referred to as the "Class" or the "Class Members").

76.     The Class Members are readily ascertainable.  The number and identity of the Class Members are determinable from the records of Defendants.  The hours assigned and worked, the positions held, and rates of pay for Class Member may also be determinable from Defendants' records.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under Fed. R. Civ. P. 23.

77.     The proposed Class is so numerous such that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests are presently within the sole control of Defendants, upon information and belief, there are more than forty (40) individuals who are currently, or have been, employed by the Defendants as a covered Class Member at any time during the six (6) years prior to the filing of this Complaint.

78.     Defendants have acted and/or have refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

79.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a)     Whether Defendants failed and/or refused to pay the Plaintiffs and Class Members premium overtime compensation at the correct rates of pay for hours worked in excess of forty hours in a single workweek;

(b)     Whether Defendants failed and/or refused to pay the Plaintiffs and Class Members the applicable minimum wage rates of pay for their hours worked;

(c)     Whether Defendants failed and/or refused to pay the Plaintiffs and Class Members at any rate of pay for certain hours worked during their workweek;

(d)     Whether Defendants' pay practices constitute an unlawfully administered tip pool arrangement, invalidating Defendants' right to a take a tip credit against hourly wages;

(e)     Whether Defendants failed to provide compliant and/or failed to provide any tip credit notice to Plaintiffs and Class Members, and therefore invalidating Defendants' right to a take a tip credit against wages;

(f)     Whether Defendants failed to timely pay or remit tips and gratuities and/or any wages to the Plaintiffs and Class Members;

(g)     Whether Defendants' general practice of failing and/or refusing to pay Plaintiffs and Class Members overtime pay, minimum wage compensation failure to provide compliant tip credit notices, and failure to timely pay certain wages was done willfully and/or with reckless disregard of the state wage and hour laws;

(h)     Whether Defendants took any active steps to ascertain and comply with the state wage and hour laws regarding their payment of wages to Plaintiffs and Class Members;

(i)     Whether Defendants failed to keep and maintain true and accurate payroll records, including, *inter alia*, recording all hours worked, compensation received, and amounts of tips and gratuities received, for the Plaintiffs and Class Members;

(j)     Whether Defendants' policies, practices, programs, procedures, protocols, and plans regarding keeping and maintaining payroll records complied with the law; and

(k)     What was the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

80.     Plaintiffs' claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions.  All of the Class Members were subject to the same corporate practices of Defendants.  Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member.  Plaintiffs and other Class Members sustained similar losses, injuries, harms and damages arising from the same unlawful policies, practices, and procedures.

81.    Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class.

82.    Plaintiffs have retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

83.    A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.

84.    The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendants' practices.

85.    Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class

actions provide Class Members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

## FIRST CLAIM FOR RELIEF
## (UNPAID OVERTIME UNDER THE FLSA)

86.    Plaintiffs and FLSA Collective Action Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

87.    29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for all hours worked exceeding forty in a workweek.

88.    As described above, Defendants are employers within the meaning of the FLSA while Plaintiffs and FLSA Collective Action Plaintiffs are employees within the meaning of the FLSA.

89.    As also described above, Plaintiffs and FLSA Collective Action Plaintiffs worked in excess of forty hours per week, yet Defendants failed to compensate Plaintiffs and FLSA Collective Action Plaintiffs in accordance with the FLSA's overtime provisions.

90.    Defendants willfully violated the FLSA.

91.    Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

92.    Based on the foregoing, Plaintiffs and FLSA Collective Action Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay or the minimum wage, whichever is greater.

93.    Based on the foregoing, Plaintiffs and FLSA Collective Action Plaintiffs are also entitled to liquidated damages, attorneys' fees, and their costs and disbursements in this action for Defendants' violations of the FLSA.

**SECOND CLAIM FOR RELIEF**
**(UNPAID MINIMUM WAGES UNDER THE FLSA)**

94.    Plaintiffs, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

95.    Defendants employed Plaintiffs, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, yet willfully failed to pay Plaintiffs, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, the applicable minimum wage rate for all hours worked, in violation of the FLSA.

96.    Defendants' violations of the FLSA have been willful and intentional.

97.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

98.    Due to Defendants' violations of the FLSA, Plaintiffs, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to recover from Defendants unpaid minimum wage compensation, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

**THIRD CLAIM FOR RELIEF**
**(UNPAID OVERTIME UNDER THE NJWHL)**

99.    Plaintiffs, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

100.    NJWHL § 34:11-56a *et seq.* requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay or the applicable minimum wage rate, whichever is greater, for any hours worked exceeding forty in a workweek.

101.    As described above, Defendants are employers within the meaning of the NJWHL, while Plaintiffs, Class Members, and any FLSA Collective Action Plaintiff who opts-in to this action worked for Defendants and are employees within the meaning of the NJWHL.

102.    As also described above, Plaintiffs, Class Members, and any FLSA Collective Action Plaintiff who opts-in to this action, worked in excess of forty hours each week, yet the Defendants failed to compensate them in accordance with the NJWHL's overtime provisions.

103.    Defendants willfully violated the NJWHL.

104.    Based on the foregoing, Plaintiffs, Class Members, and any FLSA Collective Action Plaintiff who opts-in to this action are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their regular rate of pay or the applicable minimum wage rate, whichever is greater.

105.    Based on the foregoing, Plaintiffs, Class Members, and any FLSA Collective Action Plaintiff who opts-in to this action are also entitled to liquidated damages, interest as permitted by law, attorneys' fees, and their costs and disbursements in this action for Defendants' violations of the NJWHL.

### FOURTH CLAIM FOR RELIEF
### (UNPAID MINIMUM WAGES UNDER THE NJWHL)

106.    Plaintiffs, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

107.    NJWHL § 34:11-56a *et seq.* requires employers to compensate their employees at a rate not less than the applicable minimum wage rate for any hours worked during a workweek.

108.    As described above, Defendants are employers within the meaning of the NJWHL, while Plaintiffs, Class Members, and any FLSA Collective Action Plaintiff who opts-in to this action worked for Defendants and are employees within the meaning of the NJWHL.

109.    As described above, Defendants employed Plaintiffs, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, yet willfully failed to pay Plaintiffs, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, the applicable minimum wage rate for all hours worked, in violation of the NJWHL.

110.    Defendants willfully violated the NJWHL.

111.    Based on the foregoing, Plaintiffs, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to recover from Defendants unpaid minimum wage compensation under the NJWHL.

112.    Based on the foregoing, Plaintiffs, Class Members, and any FLSA Collective Action Plaintiff who opts-in to this action are also entitled to liquidated damages, interest as permitted by law, attorneys' fees, and their costs and disbursements in this action for Defendants' violations of the NJWHL.

## FIFTH CLAIM FOR RELIEF
## (FAILURE TO PAY FULL AMOUNT OF WAGES UNDER THE NJWPL)

113.    Plaintiffs, FLSA Collective Action Plaintiffs and Class Members repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

114.    NJWPL § 34:11-4.2 requires employers to "pay the full amount of wages due to [the] employees at least twice during each calendar month, on regular pay days designated in advance by the employer[.]"

115.    As described above, Defendants are employers within the meaning of the NJWPL, while Plaintiffs, Class Members, and any FLSA Collective Action Plaintiff who opts-in to this action worked for Defendants and are employees within the meaning of the NJWPL.

116.    As also described above, Plaintiffs, Class Members, and any FLSA Collective Action Plaintiff who opts-in to this action, worked in excess of forty hours each week, yet the Defendants paid Plaintiffs, Class Members, and any FLSA Collective Action Plaintiff who opts-in to this action at either straight-time hourly rates of pay for only certain hours worked or, alternatively, at weekly pay rates that fell below the required minimum wage and overtime rates for their hours worked when converted to an hourly rate of pay; by neglecting to pay the applicable minimum wage rate and/or overtime premium for all hours worked beyond forty per week, Plaintiffs, Class Members, and any FLSA Collective Action Plaintiff who opts-in to this action have not been paid the full amount of wages due to them.

117.    Defendants' actions were in willful violation of the NJWPL.

118.    Based on the foregoing, Plaintiffs, Class Members, and any FLSA Collective Action Plaintiff who opts-in to this action are entitled to minimum wage pay for all hours worked and overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their regular rate of pay or the applicable minimum wage rate, whichever is greater.

119.    Based on the foregoing, Plaintiffs, Class Members, and any FLSA Collective Action Plaintiff who opts-in to this action are also entitled to liquidated damages, interest as permitted by law, and attorneys' fees for Defendants' violations of the NJWPL.

**SIXTH CLAIM FOR RELIEF**
**(DISCRIMINATION – NJ LAD)**
**(AGAINST DEFENDANTS KERRIGAN GROUP ASSOCIATES, LLC)**

120.    Plaintiff Collazos repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

121.    Based on the foregoing, Defendant Kerrigan Group Associates, LLC discriminated against Plaintiff Collazos because of her pregnancy – a form of sex discrimination, sex, pregnancy-related medical condition, and familial status, in violation of the NJ LAD.

122.    As a proximate result of the discrimination described herein, Plaintiff Collazos has suffered and continues to suffer substantial loss of past and future earnings and other employment benefits.

123.    As a proximate result of the discrimination described herein, Plaintiff Collazos has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages, in an amount to be determined at trial.

124.    As a proximate result of the discrimination described herein, Plaintiff Collazos is entitled to an award of attorneys' fees, costs of this action and interest as permitted by law.

125.    Defendant Kerrigan Group Associates, LLC discriminated against Plaintiff Collazos by engaging in willful, wanton, and/or reckless conduct and/or conduct in conscious disregard of Plaintiff Collazos' rights and Collazos is therefore entitled to an award of punitive damages.

**SEVENTH CLAIM FOR RELIEF**
**(RETALIATION – NJ LAD)**
**(AGAINST DEFENDANTS KERRIGAN GROUP ASSOCIATES, LLC)**

126.    Plaintiff Collazos repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

127.    Based on the foregoing, Defendant Kerrigan Group Associates, LLC retaliated against Plaintiff Collazos because of she engaged in protected activity by requesting and availing herself of protected medical leave, in violation of the NJ LAD.

128.    As a proximate result of the retaliation described herein, Plaintiff Collazos has suffered and continues to suffer substantial loss of past and future earnings and other employment benefits.

129.    As a proximate result of the retaliation described herein, Plaintiff Collazos has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages, in an amount to be determined at trial.

130.    As a proximate result of the retaliation described herein, Plaintiff Collazos is entitled to an award of attorneys' fees, costs of this action and interest as permitted by law.

131.    Defendant Kerrigan Group Associates, LLC retaliated against Plaintiff Collazos by engaging in willful, wanton, and/or reckless conduct and/or conduct in conscious disregard of Plaintiff Collazos' rights and Collazos is therefore entitled to an award of punitive damages.

**EIGHTH CLAIM FOR RELIEF**
**(DISCRIMINATION – NJ LAD)**
**(AGAINST DEFENDANTS ARIEL CARTAGENA**
**AND OLGA CARTAGENA)**

132.    Plaintiff Collazos repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

133.    Under the NJ LAD, it is unlawful "[f]or any person, whether an employer or an employee or not, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this act, or to attempt to do so."

134.    Based on the foregoing, Defendants Ariel Cartagena and Olga Cartagena aided and abetted Defendant Kerrigan Group Associates, LLC's discrimination against Plaintiff Collazos

because of her pregnancy, sex, pregnancy-related medical condition, and familial status, and Defendant Kerrigan Group Associates, LLC's retaliation against Plaintiff Collazos, in violation of the NJ LAD.

135.    As a proximate result of the discrimination described herein, Plaintiff Collazos has suffered and continues to suffer substantial loss of past and future earnings and other employment benefits.

136.    As a proximate result of the discrimination described herein, Plaintiff Collazos has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages, in an amount to be determined at trial.

137.    As a proximate result of the discrimination described herein, Plaintiff Collazos is entitled to an award of attorneys' fees, costs of this action and interest as permitted by law.

138.    Defendants Ariel Cartagena and Olga Cartagena discriminated against Plaintiff Collazos by engaging in willful, wanton, and/or reckless conduct and/or conduct in conscious disregard of Plaintiff Collazos' rights and Collazos is therefore entitled to an award of punitive damages.

## **DEMAND FOR A JURY TRIAL**

139.    Pursuant to FRCP 38(b), Plaintiffs, FLSA Collective Action Plaintiffs and Class Members demand a trial by jury on all claims in this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, Class Members and any FLSA Collective Action Plaintiff who opts into this action demand judgment against Defendants as follows:

a.    Issuance of a judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned FLSA and New Jersey laws;

b.      Issuance of an order restraining Defendants from any retaliation against Plaintiffs, FLSA Collective Action Plaintiffs and Class Members for participation in any form in this litigation;

c.      Designation of this action as an FLSA collective action on behalf of Plaintiffs and FLSA Collective Action Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective Action Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

d.      Awarding all damages that Plaintiffs, FLSA Collective Action Plaintiffs, and Class Members have sustained as a result of the Defendants' conduct, including all unpaid overtime wages, unpaid minimum wages, and any short fall between wages paid and those due under the law that Plaintiffs, FLSA Collective Action Plaintiffs and Class Members would have received but for Defendants' unlawful payment practices;

e.      Awarding liquidated damages as recoverable by applicable law;

f.      With respect to Plaintiff Collazos, awarding damages for, *inter alia*, compensatory damages for back pay, front pay (in lieu of reinstatement), all benefits to which Plaintiff Collazos would have been entitled to receive but for Defendants' unlawful conduct, damages for emotional distress, pain and suffering, and other incidental and consequential damages;

g.      With respect to Plaintiff Collazos, awarding reinstatement of Plaintiff Collazos to an equivalent position;

h.      With respect to Plaintiff Collazos, awarding punitive damages as permitted by law;

i.      Awarding reasonable attorneys' fees with respect to the prosecution of this action;

j.      Awarding costs and disbursements incurred in connection with this action;

k.      Awarding pre- and post-judgment interest as permitted by law; and

l.      Granting such other and further relief as this Court deems just and proper.

Dated: Hauppauge, New York
       February 17, 2025

                              ROMERO LAW GROUP PLLC
                              *Attorneys for Plaintiffs*
                              490 Wheeler Road, Suite 277
                              Hauppauge, New York 11788
                              Tel.: (631) 257-5588


           By:      _____
                              DAVID D. BARNHORN, ESQ.